# CHADBOURNE
# & PARKE LLP

30 Rockefeller Plaza, New York, NY 10112
tel (212) 408-5100  fax (212) 541-5369

**MEMO ENDORSED**

James C. La Forge
direct tel (212) 408-5511
jlaforge@chadbourne.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/15/06

DEC 15 2006

R. BERMAN

December 14, 2006

*Let document on 12/15/06*

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

SO ORDERED:
Date: 12/15/06

*Richard M. Berman*
Richard M. Berman, U.S.D.J.

BY HAND

The Honorable Richard M. Berman
United States District Judge
United States Court House
40 Centre Street, Courtroom 706
New York, New York 10007

Re: Zurich American Insurance Company v. ACE American Reinsurance Company/Docket No. 05 Civ. 9170 (RMB)(JCF)

Your Honor:

We represent plaintiff Zurich American Insurance Company ("Zurich") in the above-referenced action. We write to request a pre-motion conference pursuant to Rule 2.A. of Your Honor's Individual Practices. Specifically, Zurich seeks to file a motion for summary judgment. This case is about defendant ACE American Reinsurance Company's failure to indemnify Zurich under its reinsurance agreements by refusing to pay its ceded share of a settlement which Zurich entered into in good faith with its insured. Defendant is now known as R&Q Reinsurance Company (hereinafter, "R&Q Re").

Discovery in this action is proceeding under the supervision of Magistrate Judge Francis. R&Q Re has deposed five Zurich witnesses and has not noticed any further depositions. Zurich has yet to take any depositions, but has served R&Q Re with a notice of deposition pursuant to FRCP 30(b)(6), which is the subject of R&Q Re's pending Motion for Protective Order. Document discovery is complete, subject to Zurich's pending Motion to Compel Production of Documents. The discovery cut-off date is March 2, 2007. Dispositive

CHADBOURNE
& PARKE LLP

The Honorable Richard M. Berman     -2-     December 14, 2006

motions are due not later than March 30, 2007. R&Q Re has also sought leave to amend its Answer with six additional affirmative defenses. Zurich opposes R&Q Re's amendments on the grounds that, *inter alia*, the amendments are futile as a matter of law.[1] Zurich's opposition is due by January 5, 2007.

Regardless of whether R&Q Re's amendments are allowed, however, Zurich is entitled to summary judgment now because the undisputable facts developed during discovery confirm that Zurich's settlement of its insured's claim and its allocation of loss were reasonable and in good faith and that the settled claim falls squarely within the coverage provided by the reinsured policies. See Aetna Cas. and Sur. Co. v. Home Ins. Co., 882 F.Supp. 1328, 1347 (S.D.N.Y. 1995) (holding that a reinsurer must abide by its reinsured's settlement provided "that such settlement is not fraudulent, collusive or otherwise made in bad faith, and provided further that the settlement is not an *ex gratia* payment.").[2]

Zurich respectfully requests early scheduling of a pre-motion conference in order to avoid further discovery expense. Zurich will be prepared to file its motion within ten days

---

[1] Zurich agreed to allow R&Q Re to take deposition discovery concerning its proposed amended affirmative defenses, subject to R&Q Re's agreement that Zurich did not thereby waive any objection to those proposed amendments.

[2] See also Christiania General Ins. Corp. v. Great Am. Ins. Co., 979 F.2d 268, 280 (2d Cir.1992); Travelers Cas. & Sur. Co. v. ACE American Reinsurance Co., 392 F. Supp. 659, 664 (S.D.N.Y. 2005); North River Ins. Co. v. ACE American Reinsurance Co., 361 F.3d 134, 141 (2d Cir. 2004) (holding that the follow-the-settlements extends to loss allocation, including post-settlement loss allocation).

CHADBOURNE
& PARKE LLP

The Honorable Richard M. Berman     -3-     December 14, 2006

after receiving leave to do so. Zurich respectfully requests that the Court hold a pre-motion conference on Monday, December 18, 2006, contemporaneously with the settlement conference already set before Your Honor on that date at 9:30 a.m., or at such other time as may be convenient.[3]

Respectfully submitted,

James C. La Forge

cc: Daryn E. Rush, Esq.     VIA EMAIL AND REGULAR MAIL
     Charles T. Locke, Esq.     VIA EMAIL AND REGULAR MAIL
     Philip J. Goodman, Esq.     VIA EMAIL
     Joy L. Langford, Esq.     VIA EMAIL
     Ryan C. Craig, Esq.     VIA EMAIL

---

[3] We advised counsel for R&Q Re (Mr. Rush) this morning of our pre-motion conference request, as well as our proposal that the conference be held in conjunction with the hearing already set for Monday. He did not authorize us to convey any response to the Court on behalf of R&Q Re.