```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
ZURICH AMERICAN INSURANCE COMPANY,  : 05 Civ. 9170 (RMB) (JCF)
                                    :
             Plaintiff,             :     MEMORANDUM
                                    :     AND  ORDER
    - against -                     :
                                    :
ACE AMERICAN REINSURANCE COMPANY,   :
                                    :
             Defendant.             :
- - - - - - - - - - - - - - - - - -:
```
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

This is a reinsurance case in which the cedent, Zurich American Insurance Company ("Zurich"), alleges that its reinsurer, R&Q Reinsurance Company f/k/a ACE American Reinsurance Company ("R&Q"), has breached its obligation to pay its full share of a settlement reached by Zurich with its insured, P.H. Gladfelter Co. According to R&Q, its partial denial of reimbursement to Zurich was based on Zurich's allegedly unreasonable allocation of policy limits among the successive policies applicable to the loss. (Letter of Daryn E. Rush dated Nov. 14, 2006 ("Rush Letter"), at 3-4). In response, Zurich contends that R&Q breached its duty of utmost good faith by failing to follow the fortunes and settlements of its cedent. (Letter of James C. La Forge dated Oct. 31, 2006 ("LaForge Letter"), at 5). Further, Zurich argues that this is part of a pattern of conduct by R&Q to deny payment to its reinsureds based on artificial disputes concerning allocation. (La Forge Letter at 5-6).

1

Zurich has submitted a letter motion pursuant to Rule 37 of the Federal Rules of Civil Procedure seeking to compel R&Q to produce documents relating to two lawsuits in which R&Q was found to have wrongly denied payment to its cedent as well as all documents relating to any claims denied by R&Q on the basis of allocation.  R&Q opposes the requested discovery on grounds of relevance and burden.

Because motive is generally irrelevant in breach of contract actions, see Weiskopf v. American Kennel Club, Inc. No. 00-CV-471, 2002 WL 1303022, at *6 n.1 (E.D.N.Y. June 11, 2002); Major Oldsmobile, Inc. v. General Motors Corp. No. 93 Civ. 2189, 1995 WL 326475, at *8 (S.D.N.Y. May 31, 1995), "similar acts" evidence is largely immaterial in such cases.  The case of Brown v. The Paul Revere Life Insurance Co., No. 00 Civ. 9110, 2001 WL 1230528 (S.D.N.Y. Oct. 16, 2001), concerned an allegedly wrongful denial of disability insurance benefits.  In evaluating a request for production of information about other rejected claims, the court reasoned as follows:

> The issue in this case is whether plaintiff is "disabled" within the meaning of his disability policy.  If he is not "disabled," the fact that defendant may have wrongfully denied disability benefits to the majority of other claimants . . . will not make plaintiff "disabled." Similarly, if plaintiff is "disabled," the outcome of other claims . . . will not make him any less "disabled." Thus, the documents sought are almost entirely irrelevant because they do not tend to establish or negate any fact material to the case.

Id. at *6.  The same rationale applies here.  Whether R&Q has

breached its contractual obligations depends upon whether it has failed to "follow the fortunes" or "follow the settlements" of its cedent as those terms are used in the relevant policies, not whether it breached its obligations under other policies.

Nevertheless, R&Q's handling of similar claims may well shed light on the meaning that the parties ascribed to the terms that they incorporated into the policies at issue. Again, the court in Brown dealt with this possibility in the context of disability insurance:

> To the extent, if at all, that the documents sought bear on the interpretation of the terms of plaintiff's disability policy, they may be directly relevant to the issues in the case or, alternatively, to credibility. For example, any inconsistencies in the defendant's interpretation of contract terms would be relevant to a determination of the true meaning of those terms.

Id. at *8. By the same token, R&Q's handling of other claims where the allocation of limits was at issue can provide evidence of how it has interpreted its obligation to follow the settlements of its cedent in similar circumstances. The requested information is therefore relevant and discoverable.

In support of its burden argument, R&Q has submitted an affidavit from Elizabeth Hinkle, the individual responsible for handling claims for R&Q, including the Zurich claim at issue here. Ms. Hinkle attests that although R&Q processes thousands of claims, its computer system is incapable of segregating claims by the amount of the claim, the type of claim, the identity of the cedent,

or the reason the claim may have been denied. (Affidavit of Elizabeth Hinkle dated Dec. 11, 2006, ¶¶ 8, 10, 12). A sophisticated reinsurer that operates a multimillion dollar business is entitled to little sympathy for utilizing an opaque data storage system, particularly when, by the nature of its business, it can reasonably anticipate frequent litigation. At the same time, the volume of data accumulated by R&Q makes a search of its entire database infeasible. The parties shall therefore propose a protocol for sampling R&Q's claim files to obtain examples of claims files in which issues of the allocation of policy limits has been addressed. In order to facilitate that process, counsel may take the deposition of Ms. Hinkle and other persons familiar with R&Q's data storage system. To the extent that R&Q objects to any sampling proposal advanced by Zurich, it shall support its objections with specific evidence of the cost and burden involved.

Conclusion

For the reasons set forth above, Zurich's motion to compel discovery is granted to the extent that (1) R&Q shall promptly provide the requested information relating to the Travelers and North River cases and (2) by January 31, 2007, the parties shall submit either a stipulation or separate proposals for sampling R&Q's database to obtain claims files in which the allocation of policy limits was at issue.

SO ORDERED.

*James C. Francis IV*
_____
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       December 22, 2006

Copies mailed this date:

James C. La Forge, Esq.
David M. Ralm, Esq.
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, New York 10112

Ryan C. Craig, Esq.
Philip Goodman, Esq.
Joy L. Langford, Esq.
Chadbourne & Parke LLP
1200 New Hampshire Avenue, NW
Washington, DC 20036

Stephen R. Herbert, Esq.
Locke & Herbert LLP
1114 Avenue of the Americas, 40th Floor
New York, New York 10036

Daryn E. Rush, Esq.
Funk & Bolton, PA
1717 Arch Street, Suite 4600
Philadelphia, PA 19103