CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/3/07
```

Zurich American Insurance Company,

                        Plaintiff,

                -against-

R&Q Reinsurance Company f/k/a ACE American
Reinsurance Company,

                    Defendant.

05 Civ. 9170 (RMB)(JCF)

**ORDER APPOINTING A
SPECIAL DISCOVERY
MASTER**

Having considered the written submissions of plaintiff Zurich American

Insurance Company ("Zurich") and defendant R&Q Reinsurance Company ("R&Q Re")

regarding the appointment of a special discovery master, pursuant to Rule 53 of the

Federal Rules of Civil Procedure, it is hereby ordered as follows:

1.      The Honorable Kathleen Roberts is appointed Special Master for the purposes set

forth below.

## DUTIES OF THE SPECIAL MASTER

2.      The Special Master shall discharge her duties with reasonable diligence.

3.      The Special Master shall abide by the terms of the Stipulation and Protective

Order entered in this matter.

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

4. The Special Master shall review and make determinations regarding the production of documents in R&Q Re's claim files concerning the "Travelers" and "North River" claims and those other claims that Zurich selects pursuant to this Court's Memorandum and Order of December 22, 2006 (the "Claims").

5. The Special Master shall determine which documents, if any, concerning the Claims are relevant for purposes of discovery in this action pursuant to this Court's Memorandum and Order of December 22, 2006 (the "Relevant Documents").

6. The Special Master shall determine which Relevant Documents, if any, are subject to protection pursuant to the attorney-client privilege, the work product doctrine and/or any such other protection under Rule 26, and shall determine whether any exception to such protections applies. Based upon such determinations, the Special Master shall order that such documents be withheld in their entirety or produced in redacted form such that the applicable privilege or protection is preserved.

7. The Special Master shall determine which Relevant Documents, if any, are subject to any protective order and/or confidentiality agreement and shall determine whether such documents may be subject to discovery in this action notwithstanding any applicable protective order or confidentiality agreement pursuant to the terms of such protective order and/or confidentiality agreement or otherwise. In the event that the Special Master determines that any Relevant Documents are subject to a protective order or confidentiality agreement but may be subject to discovery in this action, the Special

2

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

Master may order R&Q Re to take such steps as may be necessary under the terms of those orders and/or agreements to allow for the production of the documents covered by those agreements, including, but not limited to, the giving of notice to third-parties.

## EX PARTE COMMUNICATIONS

8. The Special Master may communicate ex parte with the Court concerning any appropriate matter or topic.

9. The Special Master shall not communicate ex parte with either party to this action concerning any matter related to this action. However, the Special Master may communicate ex parte with either party to this action as necessary to coordinate and carry out document review in the offices of that party, including but not limited to: making travel arrangements, securing work space, locating documents and the like.

## PROCEDURES AND STANDARDS

10. The Special Master shall discharge her duties in full prior to the cut-off of discovery in this action.

11. The Special Master shall transmit her orders, findings and recommendations to the parties and the Court by letter. No such letter shall be filed unless it is filed under seal.

3

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

12. On request of either party, the Special Master shall prepare a brief written finding setting forth her reasons supporting any recommendation, ruling or order. Any such written findings shall not be filed with the Court unless it is filed under seal.

13. Any order or finding of the Special Master is subject to de novo review by the Court.

14. No privilege or other applicable protection shall be waived by R&Q Re's providing documents to the Special Master for review.

## COMPENSATION

15. The fees of the Special Master are fixed at her normal hourly rate of $500.00 per hour (the "compensation").

16. JAMS will charge a "case management fee" equal to 10% of all hourly fees charged by the Special Master (the "fees").

17. The Special Master shall keep time records that are reasonably detailed.

18. The compensation and fees hereby fixed shall be paid by the parties.

4

**CONFIDENTIAL**
**SUBJECT TO PROTECTIVE ORDER**

19.    The parties, the Special Master and the Court, having considered the factors set

forth in Rule 53(h)(3), agree that responsibility for payment of the compensation and fees

shall be allocated evenly between Zurich and R&Q Re.

Dated:    5/3/07

IT IS SO ORDERED:    _James C. Francis IV_

5